**LINK: 1**   JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06123 GAF (SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Sumikat De Jesus et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

### ORDER REMANDING CASE

### I.
### INTRODUCTION

Plaintiff Aurora Loan Services, LLC ("Aurora") obtained title to certain real property on May 7, 2010. (Not., Ex. A [Complaint for Unlawful Detainer ¶ 4].) On May 12, 2010, Aurora served written notice on defendant Sumikat Castalone De Jesus ("De Jesus") demanding that he vacate and deliver up possession of the property within ninety days. (Id. ¶ 6.) Before expiration of the ninety-day period, on July 29, 2010, De Jesus filed a related action in this Court alleging that Aurora, among others, violated the federal Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Sumikat De Jesus v. BNC Mortgage Inc. et al, No. CV 10-5644 GAF (RMCx), Docket No. 1 [Compl. ¶¶ 61-81].) After De Jesus failed to deliver possession of the property within the ninety-day period, Aurora filed the present suit. (Not., Ex. A [¶ 7].) On August 17, 2010, De Jesus removed the action to this Court pursuant to 28 U.S.C. § 1441. (Id. at 1.)

In his removal notice, De Jesus does not point to any issue of federal law directly raised on the face of Aurora's complaint. De Jesus claims that Aurora "has not proved that title was acquired by a duly conducted sale," and that it "cannot do so without confronting Federal Claims raised in [his] affirmative defenses to the unlawful detainer complaint." (Not. ¶ 5.) De Jesus also avers that Aurora's complaint "necessarily raises issues under TILA, RESPA, and Code of

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06123 GAF (SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Sumikat De Jesus et al | | |

Federal Regulations even if not stated explicitly." (Id. ¶ 10.)

The Court concludes that Aurora's suit does not arise under federal law and hereby **REMANDS** the case for lack of subject matter jurisdiction.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29.

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06123 GAF (SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Sumikat De Jesus et al | | |

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

In his notice of removal, De Jesus contends that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1441. (Not. ¶¶ 1, 15a-b.) Specifically, De Jesus claims that removal is proper because Aurora will need to prove that title was acquired by a duly conducted sale, which it can do only by "confronting Federal Claims raised in [De Jesus'] affirmative defenses to the unlawful detainer complaint." (Id. ¶ 5.) De Jesus' main defense to the unlawful detainer complaint is that Aurora obtained title to the property illegally. (Id. ¶ 9.) De Jesus avers that in order for Aurora to prove perfected title as outlined by California state law, Aurora's "complaint necessarily raises issues under TILA, RESPA, and Code of Federal Regulations even if not stated explicitly by [Aurora]." (Id. ¶ 10.) It is undisputed, however, that Aurora's complaint does not explicitly plead a federal cause of action.

A claim may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29. De Jesus fails to provide any basis for finding that Aurora's claims meet either of these tests. Nor is there any basis for finding that Aurora engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009) (Morrow, J.).

Therefore, removal jurisdiction is lacking, even if De Jesus intends to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

**III.**

JS - 6

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06123 GAF (SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Sumikat De Jesus et al | | |

**CONCLUSION**

Based on the foregoing, De Jesus has not established that federal subject matter jurisdiction exists. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**